(117 So. 50)

## In re OPINIONS OF THE JUSTICES.

## In re ACTS 1927, p. 721, CREATING TWEN-TY–FOURTH JUDICIAL CIRCUIT.

### (No. 8.)

Supreme Court of Alabama.   May 25, 1928.

*(Syllabus by the Justices.)*

Courts ⊕⟹42(1), 45—County as whole is minimum territorial limit of judicial circuit; there cannot be judicial circuit composed of mere subdivision of county; statute creating judicial circuit to be composed of part of county held unconstitutional (Acts 1927, p. 721; Const. 1901, § 147).

A county as a whole is the minimum territorial limit of a circuit, and there can be no such thing as a judicial circuit composed of a mere subdivision of a county within the contemplation of Const. 1901, § 147. Acts 1927, p. 721, creating the Twenty-Fourth judicial circuit of Alabama, to be composed of a part only of Jefferson county, is repugnant to said section of the Constitution.

Question of the Governor to the Justices of the Supreme Court as to the validity of Acts 1927, p. 721, creating the Twenty-Fourth Judicial Circuit. Question answered.

Response of the Justices of the Supreme Court to questions of the Governor, under Code 1923, § 10290, as to the validity of the act creating the Twenty-Fourth Judicial Circuit.

May 23, 1928.

To the Honorable Justices of the Supreme Court of Alabama—Gentlemen:

The Legislature of Alabama of 1927 passed an act, approved September 9, 1927 (Acts 1927, p. 721), establishing the Twenty-Fourth judicial circuit of Alabama, in which there is involved a constitutional question which for lack of time, cannot be determined through the courts in the regular way prior to the general election in November. The constitutional question involved is, in the opinion of the Governor, of such importance to the public interest as to justify its submission to the Supreme Court of Alabama, under section 10290 of the Code of Alabama. It being desirable to determine if such act is or is not constitutional before the court begins to function, I deem it advisable to request your opinion on the following question, viz.:

Is the act entitled, "An act to create the Twenty-Fourth judicial circuit of the state of Alabama," etc., approved September 9, 1927, beginning at page 721 of General Acts of Alabama, Regular Session of 1927, in violation of section 147 of the Constitution of Alabama, because such circuit embraces less than an entire county?

It may be assumed that such circuit contains a population of approximately 50,000,

---

and taxable property of approximately $50,-000,000.00.

This inquiry is made under and in accordance with section 10290 of the Code of Alabama, and I most respectfully request your opinion or opinions on the above-stated question as soon as may be convenient to your honors.

Assuring you of my deepest respect, I am,

Respectfully,

Bibb Graves, Governor.

Hon. Bibb Graves, Governor of Alabama, State Capitol—Dear Sir:

Replying to yours of the 23rd asking for an opinion as to the constitutionality of Acts 1927, p. 721, creating the Twenty-Fourth judicial circuit of Alabama will say:

As we understand, there is no question as to the population or wealth of the territory embraced in said Twenty-Fourth circuit, the question in concrete being whether or not a judicial circuit can be created which is composed of only a subdivision of a county or out of territory composing less than an entire county.

Section 4 of article 6 of the Constitution of 1875 placed a maximum and minimum on the number of counties from which a circuit could be created, while its successor, section 142 of the Constitution of 1901, contains no such requirement. Section 147 of the Constitution of 1901, however, deals with the question and says:

"Any county having a population of twenty thousand or more, according to the next preceding federal census, and also taxable property of three million five hundred thousand dollars or more in value, according to the next preceding assessment of property for state and county taxation, need not be included in any circuit or chancery division; but if the value of its taxable property shall be reduced below that limit, or if its population shall be reduced below that number, the Legislature shall include such county in a circuit and chancery division, or either, embracing more than one county. No circuit or chancery division shall contain less than three counties, unless there be embraced therein a county having a population of twenty thousand or more, and taxable property of three million five hundred thousand dollars or more in value."

It must be observed that counties of a certain size and wealth need not be in any circuit, and when not so included they make and constitute a circuit of themselves. Smith v. Stiles, 195 Ala. 107, 70 So. 905. It must also be noted that no circuit shall contain less than three counties unless there be embraced therein a county of a certain population and taxable value. It further provides that when a single county is not included in a circuit, that is, constitutes a circuit of itself, and its population or wealth falls below the requisite, it must be included in a circuit.

We are of the opinion that the Constitution contemplates no such thing as a judicial circuit to be composed of a mere subdivision of a county; that a county as a whole is the minimum territorial limit of a circuit and then only can it be one when having a certain population and property valuation.

We think that the act in question is repugnant to section 147 of the Constitution of 1901. Signed this the 25th day of May, 1928.

JOHN C. ANDERSON,
Chief Justice.
ORMOND SOMERVILLE,
LUCIEN D. GARDNER,
WM. H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
Associate Justices.